IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JUDITH SKIBA** | § | **PLAINTIFF** |
| | § | |
| V. | § | 1:07-cv-481-LG JMR |
| | § | |
| **TOM LOVE, Owner and Operator of** | § | |
| **Loves Travel Plaza and Country Stores,** | § | |
| **Inc., CHARLES YOUNG, General** | § | |
| **Manager of Loves Gulfport, MARGO** | § | |
| **LEWIS, Asst. Manager of Loves Gulfport,** | § | |
| **and MARK ANDERSON, Asst. Manager** | § | |
| **of Loves Gulfport** | § | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANTS' MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF
PROCESS AND LACK OF PERSONAL JURISDICTION**

BEFORE THIS COURT is Defendants Tom Love, Charles Young, Margo Lewis, and Mark Anderson's Motion to Dismiss [10] pursuant to FED. R. CIV. P. 12(b)(2) and (5), filed on June 6, 2007. This Court has considered the motion, response, pleadings, and relevant legal authority. The motion is denied.

**FACTS AND PROCEDURAL HISTORY**

On March 19, 2007, Plaintiff Judith Skiba, pro se, filed her complaint against Defendants for sexual harassment, failure to timely pay wages, defamation, discrimination, and intimidation. The wrongful conduct was alleged to have occurred through June 11, 2006. The complaint stated that Love was an adult resident of Oklahoma, while the remaining defendants were adult residents of Mississippi.

Love was served on or about May 19, 2007,[1] via certified mail, addressed to him at

---

[1]The date on the return receipt is illegible, but the Return of Service shows the summons was served between May 19 and 20.

Love's Travel Plaza and Country Stores, Post Office Box 26210, Oklahoma City, Oklahoma 72121. The return receipt was signed by Mark Smith, who Defendants concede was Love's mail clerk. Young, Lewis, and Anderson were served on May 18, 2007, via certified mail addressed to them at Love's Travel Plaza and Country Stores, 17410 Canal Road, Gulfport, Mississippi 39503. The return receipts were signed by store employee Brittany Miller on that same day.

On June 6, Defendants specially appeared to challenge sufficiency of process. Skiba responded on June 19, and Defendants' rebuttal was filed June 27.

## DISCUSSION

Defendants contend that service was insufficient, because Skiba did not include a notice and acknowledgment with the summonses and Complaint. Skiba responds that she properly complied with service under Rule 4(i)(2)(a).

Skiba has the burden of proving the validity of service of process. *Sys. Signs Supplies v. U.S. Dep't of Justice, Wash., D.C.*, 903 F.2d 1011, 1013 (5th Cir.1990). Service may be effected "pursuant to the law of the state in which the district court is located or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State." FED. R. CIV. P. 4(e)(1). Service may also be effected personally or residentially pursuant to Federal Rule of Civil Procedure 4(e)(2).

I.   LOVE

Love is a non-resident citizen of Mississippi, located in Oklahoma. According to the Mississippi rule, he may be served by certified mail. MISS. R. CIV. P. 4(c)(5). Specifically, this rule states:

2

> a summons may be served on a person outside this state by sending a copy of the summons and of the complaint to the person to be served by certified mail, return receipt requested. Where the defendant is a natural person, the envelope containing the summons and complaint shall be marked "restricted delivery." Service by this method shall be deemed complete as of the date of delivery as evidenced by the return receipt or by the returned envelope marked "Refused."

Love was served via certified mail, return receipt requested. No notice and acknowledgment was required. The Court finds that Love's contention is not well-taken and is therefore denied.

### II.   YOUNG, LEWIS AND ANDERSON

In contrast, Young, Lewis and Anderson are all in-state defendants. Accordingly, to serve them by mail it must be "(by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment . . . and a return envelope, postage prepaid, addressed to the sender." Skiba does not dispute that she failed to include a notice and acknowledgment with these summonses.

Nevertheless, Skiba believes she was not required to send one pursuant to Federal Rule of Civil Procedure 4(i)(2)(a). This rule only applies to service upon United States government agencies, corporations, officers and employees, and therefore does not apply to Defendants. The Court finds that the these defendants were not properly served.

If service is not made within 120 days after the complaint is filed, the court "shall dismiss the action without prejudice to the plaintiff as to that defendant or direct that service be effected within a specified time." FED. R. CIV. P. 4(m). The Court may grant the extension of time, in its discretion, whether or not good cause is shown by the plaintiff. *Henderson v. United States*, 517 U.S. 654, 662-63 (1996); *Thompson v. Brown*, 91 F.3d 20, 21

(5th Cir. 1996).

      However, at the time Defendants moved for dismissal, the 120 days had not run. Indeed, forty-one days remained.  In the interim, both the time for service has passed as well as some of the statutes of limitations.  Therefore, this Court denies the motion to dismiss as to Young, Lewis and Anderson.  Further, this Court holds that Skiba is granted forty-one days from the date of the entry of this order in which to effect service upon Young, Lewis and Anderson.

      **IT IS THEREFORE ORDERED AND ADJUDGED,** that the Defendants' Motion to Dismiss [10] is hereby **DENIED.**

      **IT IS FURTHER ORDERED AND ADJUDGED,** that Skiba shall have forty-one days from the entry of this order to complete service upon Young, Lewis and Anderson, consistent with Rule 4 of the Federal or Mississippi Rules of Civil Procedure.

      **SO ORDERED AND ADJUDGED** this the 20th day of July, 2007.

                              s/ *Louis Guirola, Jr.*
                              LOUIS GUIROLA, JR.
                              UNITED STATES DISTRICT JUDGE