**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JUDITH SKIBA** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **CAUSE NO. 1:07CV481 LG-JMR** |
| | § | |
| **TOM LOVE, CHARLES YOUNG,** | § | |
| **MARGO LEWIS and MARK ANDERSON** | § | **DEFENDANTS** |

<u>**MEMORANDUM OPINION AND ORDER**</u>

BEFORE THE COURT are: 1) the Motion to Dismiss pursuant to Fed. R. Civ. P.

12(b)(2), (5) and (6) [25] filed by Defendants Charles Young, Margo Lewis and Mark Anderson;

2) Plaintiff's  Motion for Default Judgment [27]; and 3) Plaintiff's Motion to Amend/Correct

Complaint [33, 34].  Young, Lewis and Anderson assert in their Motion to Dismiss that the

Plaintiff has failed to properly serve them with process, and even if process had been proper,

Plaintiff's Complaint does not state a claim against any of them.  The Plaintiff has responded to

the Motion and asked for default judgment against Young, Lewis and Anderson.  Plaintiff also

requests that she be allowed to amend her Complaint.  After due consideration of the

submissions and the relevant law, it is the Court's opinion that Plaintiff should be granted the

opportunity to amend her complaint and properly effect service on the Defendants.

DISCUSSION

Charles Young, Margo Lewis and Mark Anderson, the "Mississippi Defendants," move

for dismissal of Plaintiff's Complaint for Plaintiff's failure to properly serve these Defendants

with process, as well as her alleged failure to state a claim.  The Court has previously denied a

request for dismissal based on the Plaintiff's failure to properly serve them with process.  The

Court set out the specific deficiencies of Plaintiff's attempt at service, and granted Plaintiff 41

additional days within which to serve the Mississippi Defendants in accordance with Rule 4 of the Federal or Mississippi Rules of Civil Procedure. *See* Ct. R. 14.

The Mississippi Defendants assert that after the Court allowed Plaintiff additional time, Plaintiff attempted to serve them by sending her complaint by certified mail to the store where the Mississippi Defendants are employed.  For each of the Defendants, Plaintiff included a copy of the summons and complaint and two copies each of a document that she titled "Notice" and a document she titled "Acknowledgement."  These forms are dated August 6, 2007.  The "Notice" and "Acknowledgement" forms, attached as Exhibits to the Mississippi Defendants' motion, are not those prescribed by the Mississippi Rules of Civil Procedure.  The Mississippi Defendants therefore contend that these deficiencies require that the Court dismiss Plaintiff's claims against them for insufficient service of process.

Rule 4(c)(3), Mississippi Rules of Civil Procedure, provides that where a summons and complaint are served by mail, the plaintiff must also send the person to be served, "two copies of a notice and acknowledgment conforming substantially to Form 1-B . . . ."  Form 1-B and the "Notice" and "Acknowledgement" forms used by Plaintiff are not similar in form or content.  Plaintiff's "Notice" form does not contain any language regarding Defendants' duty or authority to accept service, or anything informing the Defendants of deadlines for accepting service or responding to the complaint.  Similarly, Plaintiff's "Acknowledgement" form does not provide any opportunity for Defendants, or the store employee who received the mail, to acknowledge their authority to accept service, or otherwise complete the form.  Instead, Plaintiff, herself, appears to have signed the "Acknowledgement" before she sent it to the Defendants.  Moreover, the only thing acknowledged in Plaintiff's form is that she is the person who signed

the form.  Therefore, the Court finds that the Mississippi Defendants were not properly served within 120 days of the filing of the complaint.

Upon making a determination that process has not been properly served on a defendant, district courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process.  *Amous v. Trustmark Nat'l Bank*, 195 F.R.D. 607, 610 (N.D. Miss. 2000) (citing *Umbenhauer v. Woog,* 969 F.2d 25, 30 (3d Cir. 1992)). Dismissal is inappropriate when there exists a reasonable prospect that service may yet be obtained, whereupon the district court should, at most, quash service, allowing the plaintiff to effect proper service.  *Id*.

Plaintiff is proceeding *pro se* in this case.  In denying the Mississippi Defendants' first motion to dismiss, the Court instructed Plaintiff about the federal and state rules of procedure she was required to comply with in effecting service of process.  *See* Ct. R. 14.  Her *pro se* status does not relax the rules of procedure; *pro se* litigants are expected to strictly comply with the rules governing service of process.  *Powe v. Byrd*, 892 So. 2d 223 (Miss. 2004); *Perry v. Andy*, 858 So.2d 143, 148 (Miss. 2003) ("A review of federal jurisprudence on this issue reveals that pro se status in and of itself does not excuse plaintiffs' failures to comply with Rule 4 service of process requirements.").  Nevertheless, it appears that Plaintiff has been diligent in attempting to properly serve process.  Her response to the Court's order allowing her 41 more days within which to serve process was prompt, albeit ineffective.  The Court will therefore exercise its discretion to allow Plaintiff one last opportunity within which to effectively serve the Mississippi Defendants with process.

Plaintiff's Motion for Default:

Plaintiff contends that the Mississippi Defendants have not filed timely answers to her Complaint, despite receiving summons on August 8, 2007.  As noted above, process has not yet been effectively served on the Mississippi Defendants; thus, their duty to file an answer has not been triggered.  Plaintiff's Motion for Default is therefore without merit and will be denied.

The Sufficiency of Plaintiff's Complaint:

The Mississippi Defendants assert that Plaintiff's Complaint fails to state a claim against any one of them for which relief can be granted.  They therefore ask that the Complaint be dismissed pursuant to FED. R. CIV. P. 12(b)(6).  However, Plaintiff has requested that she be allowed to amend her Complaint.  *See* Ct. R. 34.  As leave to amend pleadings should be granted liberally, the Court finds that this request is well-taken and should be granted.  The motion for dismissal pursuant to Rule 12(b)(6) relates to the original complaint and is therefore rendered moot.  Although the Motion will be denied, it is denied without prejudice to reassertion at an appropriate time by the Mississippi Defendants.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(2), (5) and (6) [25] filed by Defendants Charles Young, Margo Lewis and Mark Anderson is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff's Motion for Default Judgment [27] is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff's Motion to Amend/Correct Complaint [33, 34] is **GRANTED**.  Plaintiff is granted until **APRIL 1, 2008** to file her amended complaint.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Plaintiff shall properly serve her amended complaint upon the Defendants no later than **APRIL 18, 2008**.

**SO ORDERED AND ADJUDGED** this the 13th day of March 2008.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge