IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JUDITH SKIBA** | § | **PLAINTIFF** |
| | § | |
| v. | § | **CAUSE NO. 1:07CV481 LG-JMR** |
| | § | |
| **CHARLES YOUNG; MARGO LEWIS;** | § | |
| and **MARK ANDERSON** | § | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO DISMISS

BEFORE THE COURT is the Motion to Dismiss [42] pursuant to FED. R. CIV. P. 12(b)(6) filed by the Defendants, Charles Young, Margo Lewis and Mark Anderson. The Plaintiff has filed a response and the Defendants have replied. After due consideration of the pleadings in this case and the relevant law, it is the Court's opinion that Plaintiff has failed to state a claim against the Defendants. Therefore, the Defendants' Motion to Dismiss will be granted.

DISCUSSION

Plaintiff was formerly employed at the Love's Travel Stop and Country Store in Gulfport, Mississippi. She is proceeding *pro se* in this case, having filed an Amended Complaint against Charles Young, Margo Lewis and Mark Anderson, all alleged to be managerial or supervisory employees of the Love's Travel Stops and Country Stores of Gulfport, Mississippi. *Pro se* complaints, "however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations and citation omitted). They must be "liberally construed." *Id*. at 10. Therefore, the Court has liberally construed Plaintiff's Amended Complaint, analyzed the substance of her claims, and assumed all allegations are true.

Plaintiff first complains that her wages were not fully paid when they were due, in part because of a flawed system for clocking in and out for her shift. Ct. R. 39 p. 2-3. As the Defendants note, although Plaintiff states she brings this claim pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, the Act contains no provision regarding the timing of wage payments. Instead, the timing of wage payments in Mississippi is governed by MISS. CODE § 71-1-35. The Mississippi statute requires an employer with at least 50 employees to make semi-monthly wage payments. *Id.* These Defendants are alleged to be Plaintiff's managers, not her employer. Therefore, Plaintiff may not bring a wage claim against individuals such as Young, Lewis or Anderson.

Next, Plaintiff complains that Lewis, an assistant manager, defamed her on November 21, 2005, by wrongfully accusing her of taking a customer's "Loves card" in front of customers and employees. Ct. R. 39 p. 3. She also alleges that Lewis's statement was a violation of her fourteenth amendment due process rights. *Id*. at 4. The Defendants note that a defamation claim is subject to Mississippi's one-year statute of limitations for intentional torts. MISS. CODE § 15-1-35; *Gasparrini v. Bredemeier*, 802 So.2d 1062, 1065 (Miss. 1990). Because the alleged defamatory statement was made on November 1, 2005, and the claim was not filed until March 19, 2007, the defamation claim is barred by the applicable statute of limitations. Furthermore, because Plaintiff does not allege that Lewis is a state actor, Lewis's statement cannot have violated Plaintiff's fourteenth amendment rights. *See DeShaney v. Winnebago Cnty Dept. of Soc. Serv.*, 489 U.S. 189, 196 (1989) ("[P]urpose of [14th Amendment due process clause] was to protect the people from the State, not to ensure that the State protected them from each other.").

Next, Plaintiff complains that Lewis, an assistant manager, called her "sweetie," honey,"

and "baby," and she believed others might think Lewis was "making homosexual advancements towards her." Ct. R. 39 p. 4. She also complains that Anderson, an assistant manager, "on many occasions would grope his penis when Plaintiff was talking to him." *Id.* Anderson also "was always touching" her when talking - "it would be on the shoulders, hand on backside, around the waist." *Id.* The remaining claims go to Plaintiff's dissatisfaction with the Defendants' managerial style or skills. She alleges that Young, the general manager, "continually intimidated the Plaintiff about her work or herself in front of customers and employees." *Id.* at 5. For instance, Young "hollered at Plaintiff in front of employees wanting to know i[f] she took [one hundred dollars]." *Id.* at 6. In another instance, Anderson, an assistant manager, "hollered at her in front of customers and employees, what was the Plaintiff's social security number," which Plaintiff did not want to share in front of customers. *Id.* Plaintiff also complains that "management" discriminated against her because she was a non-smoker, in that she did not receive the same breaks allowed to smokers. *Id*. at 5.

It is arguable that some of these allegations could have been the basis of a claim against Plaintiff's employer under Title VII, but individuals such as Lewis and Anderson are not personally subject to liability for actions violating federal employment discrimination statutes unless they meet the definition of "employer." *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994). Plaintiff does not allege that Lewis or Anderson were her "employer," but that they were co-employees of Love's Travel Stops and Country Stores, albeit in managerial positions. Plaintiff cannot state a claim against these individuals for employment discrimination.[1]

---

[1] The Court notes that although Plaintiff cites repeatedly to 42 U.S.C § 1981, that provision has long been interpreted to prohibit employment discrimination only on the basis of race, which is not part of Plaintiff's allegations. *Johnson v. Railway Exp. Agency*, 421 U.S. 454,

To the extent that Plaintiff may have intended to bring state-law claims in tort, the actions complained of would all be characterized as intentional torts, if anything.  Accordingly, the one-year statute of limitations noted above bars any consideration of these allegations as viable state-law tort claims.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Dismiss [42] pursuant to FED. R. CIV. P. 12(b)(6) filed by Defendants Charles Young, Margo Lewis and Mark Anderson is **GRANTED**.  Plaintiff's claims are **DISMISSED.**

**SO ORDERED AND ADJUDGED** this the 4th day of June, 2008.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

459-60 (1975).